**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Marco GONZALEZ–VALERIO, aka Marcos Valerio, aka Marcos Gonzalez Valerio, aka Marcos Gonzalez–Valerio, Defendant–Appellee.**

No. 02–50260.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 9, 2003.

Filed Sept. 8, 2003.

**1052**

Kevin M. Lally, Assistant United States Attorney, Los Angeles, CA, for the plaintiff-appellant.

Elizabeth A. Newman, Deputy Federal Public Defender, Los Angeles, CA, for the defendant-appellee.

---

1. Both the district court and the parties refer to Gonzalez as having been "deported," rather than "removed," as the Notice to Appear charged. For our purposes, it makes no dif-

Before PREGERSON, TASHIMA, and CLIFTON, Circuit Judges.

## OPINION

TASHIMA, Circuit Judge.

The United States appeals the district court's dismissal of the indictment against Marco Gonzalez–Valerio ("Gonzalez") for being found in the United States after a prior deportation, in violation of 8 U.S.C. § 1326. The district court found the underlying deportation order to be invalid because the immigration judge ("IJ") violated Gonzalez's right to due process by failing to tell him at the deportation hearing that he was eligible to apply for relief from deportation under former § 212(c) of the Immigration and Nationality Act ("INA"). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3731, and we reverse and remand.

## FACTUAL AND PROCEDURAL HISTORY

Gonzalez, a native of Mexico, became a permanent resident of the United States on December 1, 1990. In 1994, he pled guilty to committing a lewd act upon a child under the age of 14. He served approximately three years and 11 months of a six-year sentence before being released. On October 21, 1997, he pled no contest to a charge of violating Cal.Penal Code § 273.5, corporal injury upon a spouse. On April 8, 1998, the Immigration and Naturalization Service ("INS") served Gonzalez with a Notice to Appear for removal proceedings, based on his 1994 conviction. On April 20, 1998, Gonzalez appeared pro se before the IJ and was ordered deported.[1] He did not appeal the deportation order to the Board of Im-

ference which term is used and we adopt the parties' nomenclature when referring to the facts of this case.

migration Appeals ("BIA"). Gonzalez represented to the district court that the IJ told him he was ineligible for relief from deportation.[2]

Gonzalez again re-entered the United States. On December 29, 1999, he was charged with battery of a spouse, in violation of Cal.Penal Code § 243(e), and willful harm or injury to a child, in violation of Cal.Penal Code § 273a(b). The INS reinstated his earlier deportation order and again deported him to Mexico. Gonzalez again re-entered the United States, and was arrested on July 30, 2001. He was then charged in the current indictment, under 8 U.S.C. § 1326, with being an illegal alien found in the United States after being deported.

The district court found that his underlying deportation order was invalid because the IJ had not informed Gonzalez that he had the right to seek a discretionary waiver of deportation under former § 212(c) of the INA. The district court therefore granted Gonzalez's motion to dismiss the indictment. The government timely appeals.

### STANDARD OF REVIEW

██ A district court's ruling on a defendant's collateral attack of a deportation proceeding is reviewed de novo. *United States v. Velasco–Medina*, 305 F.3d 839, 847 (9th Cir.2002).

### DISCUSSION

#### A. Relief Under Former § 212(c)

Former § 212(c) of the INA, *codified at* 8 U.S.C. § 1182(c)(1985), provided that "[a]liens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General...." Section 212(c) has been interpreted to authorize any permanent resident alien to apply for discretionary waiver from deportation. *See Ayala–Chavez v. INS*, 944 F.2d 638, 640 n. 2 (9th Cir.1991). In 1990, Congress amended § 212(c) to preclude discretionary relief for anyone convicted of an aggravated felony who had served a term of imprisonment of at least five years. Pub.L. No. 101–649, § 511, 104 Stat. 4978, 5052 (1990) (amending 8 U.S.C. § 1182(c)). In 1996, Congress enacted the Anti–Terrorism and Effective Death Penalty Act ("AEDPA"), which in § 440(d), identified the set of offenses for which convictions would preclude relief under § 212(c). *See* Pub.L. No. 104–132, § 440(d), 110 Stat. 1214, 1277 (1996) (amending 8 U.S.C. § 1182(c)). Also in 1996, Congress enacted the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), which repealed § 212(c) and replaced it with the new procedure of cancellation of removal, under which persons who had been convicted of an aggravated felony are ineligible for such relief. *See* IIRIRA, Pub.L. No. 104–208 Division C, § 304(b), 110 Stat. 3009–546, 3009–597 (1996) (repealing § 212(c)); *see id.* § 340(a)(3), 110 Stat. 3009–594, *codified at* 8 U.S.C. § 1229b(a)(3) (2001) (prohibiting cancellation of removal for persons convicted of aggravated felonies). It also expanded the definition of "aggravated felony" by reducing the prison sentence required to trigger aggravated-felony status from five years to one year. *See* IIRIRA § 321(a)(3), 110 Stat. 3009–627, *codified at* 8 U.S.C. § 1101(a)(43)(F) (2001).

---

**2.** According to the parties and the district court, the recording of the proceeding apparently is inaudible or otherwise unavailable.

At the time of Gonzalez's deportation hearing, the BIA had taken the position that the newly-added 1996 restrictions on § 212(c) relief applied to aliens who had committed a crime prior to their enactment. *See In re Soriano*, 21 I & N Dec. 516 (BIA 1996). However, in *INS v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), the Supreme Court held that " § 212(c) relief remains available for aliens ... whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." *Id.* at 326, 121 S.Ct. 2271. Because St. Cyr pled guilty to a deportable offense at a time when § 212(c) relief was available, such relief remained available to him notwithstanding the later repeal of that section. *Id.*

### B. The Challenge to the Deportation Order

■ The INA provides for criminal penalties for aliens who re-enter without permission after deportation. 8 U.S.C. § 1326(a)-(c). A collateral attack on the underlying deportation can succeed where the alien shows that his due process rights were violated in his deportation proceeding and that he suffered prejudice as a result of such violation. *United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir.2000). Gonzalez argues that his due process rights were violated because the IJ failed to inform him of his right to petition for relief under former § 212(c). The duty of the IJ to inform an alien of his eligibility for relief is mandatory, and the failure to do so constitutes a violation of the alien's due process rights. *United States v. Muro-Inclan*, 249 F.3d 1180, 1183–84(9th Cir.2001). Here, however, we need not address whether the IJ adequately informed Gonzalez of the availability of relief under § 212(c) because, even assuming

that he did not, Gonzalez cannot demonstrate prejudice.

■ In order successfully to challenge his deportation order, Gonzalez must establish that he was prejudiced by the failure of the IJ to inform him of the potential for discretionary relief. *United States v. Alvarado–Delgado*, 98 F.3d 492, 493(9th Cir.1996) (en banc). Gonzalez does not have to demonstrate that he would have received relief, only that he has plausible grounds for relief under § 212(c). *See United States v. Jimenez–Marmolejo*, 104 F.3d 1083, 1086 (9th Cir.1996); *see also Muro–Inclan*, 249 F.3d at 1184. Once Gonzalez makes a prima facie showing of prejudice, the burden shifts to the government to demonstrate that the procedural violation could not have changed the proceedings' outcome. *See United States v. Gonzalez–Mendoza*, 985 F.2d 1014, 1017 (9th Cir.1993).

Gonzalez cannot establish that he was prejudiced because his 1997 conviction for willful infliction of corporal injury upon a spouse statutorily barred him from receiving § 212(c) relief. His no contest plea to that charge occurred after the enactment of IIRIRA and the consequent elimination of relief from deportation for those convicted of aggravated felonies, but prior to his deportation hearing. The district court refused to consider whether this would constitute an aggravated felony precluding relief because it was not included in the Notice to Appear. The district court, however, erred in conflating the rules for considering aggravated felonies as the basis for deportation with those for considering them as a bar to relief under § 212(c).

The government correctly contends that *Chowdhury v. INS*, 249 F.3d 970 (9th Cir. 2001), relied upon by the district court to presume that it could not review the 1997 conviction, only addressed the question of whether convictions not alleged in the Notice to Appear could constitute aggravated

felonies as the basis for deportation or removal. It did *not* consider whether an aggravated felony not listed in the Notice to Appear could serve as a bar to discretionary relief. In rejecting the government's argument that the court could uphold the BIA's removability determination based on an aggravated felony that was not alleged in the Notice to Appear and was not considered by the BIA, *Chowdhury* held:

> Instead, we agree[ ] with the First Circuit that "we do not read 'deportable by reason of having committed' an aggravated felony, IIRIRA § 309(c)(4)(G), as referring to felonies not charged at all in the Order to Show Cause." Chowdhury was charged in the Notice to Appear as being deportable because he was convicted of an aggravated felony under 8 U.S.C. § 1101(a)(43)(D) based on his money laundering conviction. He did not have the benefit of a hearing before the IJ or the BIA on the grounds for removal suggested by the INS during oral argument. Where an alien, as in this case, does not have notice of the alternative grounds for removal or the jurisdictional facts related to those grounds are disputed, 8 U.S.C. § 1252(a)(2)(C) does not deprive us of jurisdiction to review the order of removal.

*Id.* at 975 (citations omitted). *Chowdhury* does not address whether an aggravated felony not listed in the Notice to Appear can serve as the basis to bar relief under § 212(c).

Our recent decision in *Alvarez–Santos v. INS*, 332 F.3d 1245 (9th Cir.2003), confirms this reading of *Chowdhury*. There,

we held that in order for 8 U.S.C. § 1252(a)(2)(C) [3] to deprive us of jurisdiction to review a removal order, the removal order must specify a crime covered by the INA as the ground of removal. *Id.* at 1253. On a petition for judicial review of a removal order, we held that the INS could not rely on a criminal offense which, although charged in the Notice to Appear, was found by the IJ not to be a covered offense and which finding was not appealed by the INS to the BIA, because "proof of [that] crime was not essential to the removal order," as a basis for precluding judicial review. *Id.* at 1252. Like *Chowdhury*, *Alvarez–Santos* does not preclude reliance on a conviction which was not the basis of a removal order as the basis for denying § 212(c) relief.

Indeed, as the government explains, the procedure for seeking § 212(c) relief required a separate petition, *see* 8 C.F.R. § 212.3(a), and required the applicant to disclose any information which could serve as a bar to relief, *see* 8 C.F.R. § 212.3(b) ("All material facts and/or circumstances which the applicant knows or believes apply to the grounds of excludability or deportability must be described. The applicant must also submit all available documentation relating to such grounds."); 8 C.F.R. § 212.3(d) ("An application [sic] who failed to describe any other grounds of excludability or deportability, or failed to disclose material facts existing at the time of the approval of the application, remains excludable or deportable under the previously unidentified grounds."). Thus, Gonzalez's 1997 conviction could properly have been considered by the IJ, if Gonzalez had sought § 212(c)

---

**3.** That section provides:

> [N]o court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2) or 1227(a)(2)(A)(iii), (B), (C), or (D) of this title, or any offense covered by section 1227(a)(2)(A)(ii) of this title for which both predicate offenses are, without regard to their date of commission, otherwise covered by section 1227(a)(2)(A)(i) of this title.

8 U.S.C. § 1252(a)(2)(C).

relief, regardless of whether or not it was charged in the Notice to Appear as a ground for removal.

Gonzalez argues that, even if the 1997 conviction could be considered, it would not constitute an aggravated felony because the sentence was less than one year and he could have sought retroactively to reduce the sentence. Although it rejected the government's argument that the 1997 conviction barred relief on the basis of its reading of *Chowdhury,* the district court also speculated as to whether Gonzalez could have taken steps to mitigate the immigration consequences of that conviction. Such speculation, however, does not constitute a finding of fact, contrary to Gonzalez's contention, to be reviewed for clear error.[4]

Gonzalez argues that the 1997 conviction did not constitute an aggravated felony because it is unclear from the record whether he was sentenced to one year for the crime. He concedes that the judgment of conviction allots the entire 365–day sentence to the battery. He contends, however, that the rap sheet as well as the minute order of the plea and sentencing suggest that the 365 days may have been assigned to the conviction for resisting a police officer or split between the two charges. His expert testified before the district court that it would be reasonable to presume that his sentence was divided between the two counts. From this ambiguity, Gonzalez argues that the government has "failed to show by clear and convincing evidence that Mr. Gonzalez–Valerio's battery was an aggravated felony."

In order to demonstrate prejudice, Gonzalez would also have to show that he is not barred from receiving relief. If he is barred from receiving relief, his claim is not "plausible." As the government indicates, in a § 212(c) hearing, Gonzalez would have the burden of showing that the Attorney General should exercise his discretion in favor of granting relief. *See Matter of Edwards,* 20 I & N Dec. 191, 195 (BIA 1990). Because the burden remains on Gonzalez, we reject the argument that any ambiguity in the sentence favors him. As his concession demonstrates, the most reasonable reading of the sentence is to allocate the entire 365 days to his battery offense and to treat his sentence on the remaining offense as a concurrent sentence.

Gonzalez next argues that the conviction did not constitute an aggravated felony because, as his expert testified, he could have sought to reduce the conviction by one day and thus avoid the immigration implications of the conviction counting as an aggravated felony. The fact of the matter, however, is that he did not seek to reduce the sentence and he was on fair notice at the time of his 1997 plea of its immigration consequences because this conviction occurred after the enactment of IIRIRA and AEDPA. Moreover, as the government argues, any suggestion that Gonzalez may have succeeded in getting his sentence reduced is sheer speculation. Gonzalez is barred from receiving relief by his 1997 conviction and thus cannot demonstrate prejudice.

■ Gonzalez's claim of prejudice is further undermined by the requirement that an applicant for § 212(c) relief who has a serious criminal history must demonstrate

---

4. Indeed, the district court specifically stated that it was not making any finding on this issue:

Regardless, the fact remains that his conviction was not in the record before the IJ during the deportation hearing, and therefore in the same manner as *Chowdhury,* the Defendant never had the benefit of a hearing before the IJ with regard to its applicability. *Thus, the Court will not decide its applicability here.*

(Emphasis added.)

unusual or outstanding equities in order to receive relief. *See Ayala–Chavez,* 944 F.2d at 641("Outstanding equities must also be demonstrated where the applicant's record reflects a pattern of serious criminal activity."); *Matter of Edwards,* 20 I & N Dec. at 196 ("The respondent's overall 10–year pattern of criminal misconduct, as well as his controlled substance distribution offenses, each independently require that he demonstrate unusual or outstanding equities if he is to have the possibility of receiving a favorable exercise of discretion."). Because Gonzalez was convicted of multiple crimes, including lewd acts on a child, spousal abuse, and resisting arrest, he would be required to demonstrate outstanding equities. In finding that Gonzalez had demonstrated a "plausible" case for § 212(c) relief, however, the district court did not consider whether Gonzalez had demonstrated unusual or outstanding equities.

It is highly unlikely that he could have done so. While Gonzalez has major adverse factors stemming from his multiple convictions and the nature of his offenses, his favorable evidence was minimal and not outstanding. He provided only his own declaration stating that he had lived in the United States for 16 years, that his family lives here, and that he is attached to them.[5] His expert also testified that his family connection was a plausible ground for § 212(c) relief. He provided no evidence of any other favorable factor.

These are not the unusual and outstanding equities that ordinarily lead to a discretionary waiver of deportation. Although strong family ties can serve as a favorable factor in determining whether to grant § 212(c) relief, *see Kahn v. INS,* 36 F.3d 1412, 1414 (9th Cir.1994), courts have upheld the BIA's rejection of much stronger claims. *See, e.g., Ayala–Chavez,* 944 F.2d at 642(upholding, on abuse of discre-

tion review, the BIA's finding that the deportee had not demonstrated outstanding equities where the deportee demonstrated 18 years of residence, most of his family resided near him, many of them testified on his behalf, and he had a minor daughter whom he supported); *Zaluski v. INS,* 37 F.3d 72(2d Cir.1994) (per curiam) (30–year resident alien, who lived in United States since age one, and whose entire family resides in United States); *Douglas v. INS,* 28 F.3d 241, 243–44 (2d Cir.1994) (19–year resident alien with two U.S. citizen children). Even were he not barred, the difficulty of overcoming these hurdles further undermines his claim of prejudice.

### CONCLUSION

Based on the foregoing, the judgment of the district court dismissing the indictment is reversed and the case remanded for further proceedings consistent with this opinion.

**REVERSED and REMANDED.**

---

**5.** The latter assertion is obviously undermined by his spousal and child abuse convictions.