**Belen AVILA–VALLEJO, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–70482.**

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2004.*

Decided March 24, 2004.

Gary Finn, Esq., Attorney at Law, Indio, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Office of the District Counsel, Department of Homeland Security, Executive Office of Immigration Review, Office of Immigration Judge, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

 

District Counsel, Department of Homeland Security, San Francisco, CA, John L. Davis, Daniel E. Goldman, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before B. FLETCHER, WARDLAW, and CLIFTON, Circuit Judges.

MEMORANDUM **

Belen Avila–Vallejo, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's order of removal. We have jurisdiction to review due process challenges, and we review de novo. *Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 599 (9th Cir. 2002). We deny the petition.

Petitioner's contention that the BIA's affirmance without opinion violates due process is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 851 (9th Cir.2003).

Petitioner also contends that the unavailability of discretionary relief violates due process and equal protection. This contention lacks merit because she has not shown that similarly situated persons were treated differently from her. *See Dillingham v. INS* 267 F.3d 996, 1007 (9th Cir. 2001).

Finally, Petitioner contends that she should have been eligible for relief under INA § 212(c), 8 U.S.C. 1182(c) (repealed). However, at the time Petitioner pleaded guilty to a deportable offense, § 212(c) had been repealed and, thus, was not available to her or any other similarly situated aliens. *See United States v. Gonzalez–Valerio,* 342 F.3d 1051, 1053–54 (9th Cir.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

2003) (describing elimination of § 212(c) relief in 1997).

PETITION FOR REVIEW DENIED.