**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Arturo MIRAVETE–BASANEZ,**
**Defendant–Appellant.**

**No. 02–10410.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 19, 2004.*

Decided July 26, 2004.

---

\* This panel unanimously finds this case suitable for decision without oral argument.  See Fed. R.App. P. 34(a)(2).

Robert A. Bork, Esq., Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Scott W. Edwards, Esq., Reno, NV, for Defendant–Appellant.

Before: SKOPIL, FARRIS, and BOOCHEVER, Circuit Judges.

MEMORANDUM **

Arturo Miravete–Basanez appeals his conviction of illegal reentry after deportation in violation of 8 U.S.C § 1326, arguing that his prior deportation hearing denied him due process of law. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.

We review de novo the denial of Miravete's motion to dismiss the indictment. *See United States v. Ubaldo–Figueroa,* 364 F.3d 1042, 1047 (9th Cir.2004). Miravete's felony conviction was properly considered by the Immigration Judge ("IJ") although it was not charged in the Notice to Appear as a ground for deportation. *See United States v. Gonzalez–Valerio,* 342 F.3d 1051, 1055–56 (9th Cir.2003).

■ Miravete pled guilty to first-degree burglary and received a thirty-two month sentence in March 1996, at a time when he had a claim for relief under former § 212(c) of the Immigration and Naturalization Act, and the failure of the IJ to inform him of his eligibility violated his due process rights. *See id.* at 1054; *Ubaldo–Figueroa,* 364 F.3d at 1049–50. He is therefore exempt from the requirement that he exhaust his administrative reme-

dies by appealing his removal order to the Board of Immigration Appeals. *See Ubaldo–Figueroa,* 364 F.3d at 1050.

■ To succeed in his collateral challenge to his deportation, however, Miravete must also show that he suffered prejudice as a result of the violation of his due process rights, by demonstrating that he had a "plausible" ground for relief from removal. *See id.* The district court did not hear testimony or argument regarding Miravete's eligibility for relief under § 212(c), and did not determine the issue of prejudice. We therefore remand to the district court for consideration of whether, after balancing the equities, Miravete has a "plausible" ground for cancellation of removal and therefore suffered prejudice when the IJ failed to inform him of his eligibility. *See United States v. Pallares–Galan,* 359 F.3d 1088, 1103–05 (9th Cir.2004)(describing factors to be considered on remand).

REVERSED AND REMANDED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.