**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Juan Pablo HERNANDEZ–SANCHEZ,**
**Defendant–Appellant.**

**No. 04–50368, 04–50369.**
**D.C. No. CR–00–02694–IEG,**
**CR–03–02725–IEG.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 10, 2005.

Decided June 23, 2005.

U.S. Attorney, USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Michelle Villasenor–Grant, FDSD—Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before TROTT and W. FLETCHER, Circuit Judges, and RESTANI,* Judge.

MEMORANDUM**

Juan Pablo Hernandez–Sanchez appeals two convictions and sentences for being found in the United States following deportation, in violation of 8 U.S.C. § 1326. The district court denied Hernandez–Sanchez's motions to dismiss his indictments, concluding that he had not been improperly deprived of the opportunity for judicial review, and that he had not shown that the entry of the deportation order was fundamentally unfair. The district court sentenced Hernandez–Sanchez to 100 months custody for each offense. We have jurisdiction under 28 U.S.C. § 1291. After a *de novo* review, *United States v. Velasco–Medina*, 305 F.3d 839, 847 (9th Cir.2002) (motion to dismiss indictment under § 1326); *United States v. Williams*, 291 F.3d 1180, 1191 (9th Cir.2002) (sentencing), we affirm Hernandez–Sanchez's convictions, and remand for resentencing.

I. Collateral Attack

"In a criminal prosecution under § 1326, the Due Process Clause of the Fifth Amendment requires a meaningful oppor-

---

* The Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

tunity for judicial review of the underlying deportation." *United States v. Zarate–Martinez*, 133 F.3d 1194, 1197 (9th Cir. 1998), *overruled on other grounds by United States v. Corona–Sanchez*, 291 F.3d 1201 (9th Cir.2002) (en banc) (citing *United States v. Mendoza–Lopez*, 481 U.S. 828, 839, 107 S.Ct. 2148, 95 L.Ed.2d 772 (1987)). Because the removal order serves as a predicate element of an illegal reentry conviction under § 1326, a defendant charged with that offense has a Fifth Amendment right to collaterally attack the removal order. *United States v. Ubaldo–Figueroa*, 364 F.3d 1042, 1047 (9th Cir.2004). To sustain a collateral attack, a defendant must establish that (1) he exhausted all administrative remedies available to him to appeal his removal order, (2) the underlying removal proceedings at which the order was issued improperly deprived him of the opportunity for judicial review, and (3) the entry of the order was fundamentally unfair. *See* 8 U.S.C. § 1326(d).

Hernandez–Sanchez argues that because the Immigration Judge ("IJ") erroneously informed him that he was not eligible to apply for a waiver of deportation under § 212(c), he meets the second and third requirements under § 1326(d). Because we hold that Hernandez–Sanchez has failed to establish that the entry of the order was fundamentally unfair, however, we need not decide whether he was improperly deprived of the opportunity for judicial review.[1]

An underlying removal order is fundamentally unfair if (1) a defendant's due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of those defects. *Ubaldo–Figueroa*, 364 F.3d at 1048. It is undisputed that Hernandez–

Sanchez's due process rights were violated by the IJ's failure to inform him of his eligibility to apply for a § 212(c) waiver of deportation. Hernandez–Sanchez fails to establish prejudice as a result of that defect, however, because there is not a "plausible" ground for relief under § 212(c). *See id.* at 1050 ("To establish prejudice, [a defendant] does not have to show that he actually would have been granted relief. Instead, he must only show that he had a 'plausible' ground for relief from deportation.").

Section 212(c) allows certain lawful permanent residents to apply for discretionary relief from deportation.[2] *See Ayala–Chavez v. INS*, 944 F.2d 638, 640 n. 2 (9th Cir.1991). In determining whether to grant such relief, the BIA balances "the social and humane considerations presented in an alien's favor against the adverse factors evidencing his undesirability as a permanent resident." *Matter of Roberts*, 1991 WL 353515, 20 I. & N. Dec. 294, 298 (BIA 1991). If an applicant has a pattern of serious criminal activity, he must demonstrate "unusual or outstanding equities" in order to receive a § 212(c) waiver of deportation. *See id.* at 299; *United States v. Gonzalez–Valerio*, 342 F.3d 1051, 1056–57 (9th Cir.2003).

The district court correctly concluded that Hernandez–Sanchez would have been required to make this heightened showing. During the relevant period, he was convicted of multiple crimes, including two DUI's, petty theft, second degree burglary, and corporal injury on a spouse. Based on this serious criminal activity, Hernandez–Sanchez would be required to demonstrate outstanding equities to obtain a § 212(c) waiver. *See Gonzalez–Valerio*, 342 F.3d at

---

1. Hernandez–Sanchez appealed to the Board of Immigration Appeals ("BIA") and thus meets the first requirement—exhaustion of all available administrative remedies.

2. Hernandez–Sanchez meets the statutory requirements for relief under § 212(c).

1057 ("Because Gonzalez was convicted of multiple crimes, including lewd acts on a child, spousal abuse, and resisting arrest, he would be required to demonstrate outstanding equities."); *Ayala–Chavez*, 944 F.2d at 641 ("Outstanding equities must ... be demonstrated where the applicant's record reflects a pattern of serious criminal activity.").

In addition, the district court correctly determined that there were no unusual or outstanding equities to establish a plausible basis for § 212(c) relief. Although Hernandez–Sanchez's family ties in the United States serve as a favorable factor, *see Kahn v. INS*, 36 F.3d 1412, 1414 (9th Cir.1994), his employment has been sporadic, and he has presented no evidence of property or business ties, of service in his community or in the military, or of a genuine rehabilitation of his criminal record. *See Matter of Roberts*, 20 I. & N. Dec. at 298–99 (listing favorable considerations). Thus, while Hernandez–Sanchez has major adverse factors based on his criminal history, his favorable evidence is minimal and not outstanding. As a result, he fails to demonstrate a plausible case for a discretionary waiver of deportation.

Accordingly, Hernandez–Sanchez did not suffer prejudice as a result of the IJ's failure to inform him of his eligibility to apply for § 212(c) relief, and the entry of the removal order was not fundamentally unfair.

## II. Sentencing

Because Hernandez–Sanchez was sentenced under the now-invalidated, mandatory sentencing guideline system, *see United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 764, 160 L.Ed.2d 621 (2005), we remand to the district court for resentencing.

## III. Conclusion

For the foregoing reasons, we **AFFIRM** Hernandez–Sanchez's convictions, and we **REMAND** for resentencing.