UNITED STATES of America,
Plaintiff—Appellee,

v.

Aurelio VIDRIO–OSUNA, Defendant—
Appellant.

No. 05–50224.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 9, 2006.

Submission Vacated April 27, 2006.

Resubmitted June 27, 2006.

Decided June 27, 2006.

Mark R. Rehe, Esq., USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff—Appellee.

Marisa Lynne Dersey, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant—Appellant.

Before: KOZINSKI, TROTT and BEA, Circuit Judges.

## MEMORANDUM *

■ 1. "A defendant who seeks to exclude evidence of a deportation order in a prosecution under 8 U.S.C. § 1326 must do more than demonstrate deprivation of the right to a direct appeal from that order. The defendant also bears the burden of proving prejudice." *United States v. Proa–Tovar,* 975 F.2d 592, 595 (9th Cir. 1992) (en banc). Because defendant sustained a serious drug conviction prior to entry of his 1996 deportation order, he was required to "demonstrate unusual or outstanding equities in order to receive relief" under former section 212(c) of the Immi-

gration and Nationality Act. *See United States v. Gonzalez–Valerio,* 342 F.3d 1051, 1056–57 (9th Cir.2003). None of the equities cited by defendant are unusual or outstanding, and thus defendant was not prejudiced by the Immigration Judge's failure to advise him of the possibility of section 212(c) relief.

■ 2. The district court did not abuse its discretion in admitting evidence that defendant was born in Mexico. Because defendant's birth certificate had an apostille certification, it was self-authenticating under the 1961 Hague Convention Abolishing the Requirement of Legalisation for Foreign Public Documents. *See* Fed. R.Crim.P. 27; Fed.R.Civ.P. 44(a)(2); Fed. R.Evid. 902(3).

Although the district court did not explain why the birth certificate was admissible under an exception to the hearsay rule, the court did not abuse its discretion in admitting the evidence.[1] The hearsay statements were admissible under Fed. R.Evid. 807 because (1) the birth certificate contained birth records about which it would be difficult to conceive of any motive to lie and thus contained sufficient indicia of trustworthiness; (2) it was offered to prove an element of the crime; (3) it was more probative on this point than any other available evidence; (4) its admission served the general purposes of the Rules of Evidence and the interests of justice; and (5) defendant received a copy of it sufficiently in advance of trial in order to raise any doubts about its accuracy. *See id.* Although the district court failed to make detailed findings to support admission of the birth certificate under Rule 807, we can and do make such findings. *See, e.g., United States v. Bachsian,* 4 F.3d 796,

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. The birth certificate contained hearsay statements by the government official who filled it out and double-hearsay statements by defendant's mother.

584

798 (9th Cir.1993). We also hold that the government's failure to give pretrial notice regarding the identity of the declarants was excused because "the adverse party had an opportunity to attack the trustworthiness of the evidence." *Id.* at 799.

■ Because admission of nontestimonial evidence does not implicate the Confrontation Clause, *see Crawford v. Washington,* 541 U.S. 36, 68, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), defendant's Confrontation Clause rights were not violated by admission of the birth certificate. As we explained in *United States v. Bahena-Cardenas,* the "routine, objective, cataloging of an unambiguous factual matter," such as a birth certificate, is not testimonial. 411 F.3d 1067, 1075 (9th Cir.2005).

3. The district court did not err in increasing defendant's sentence based on his prior conviction and deportation. Unless the Supreme Court overrules *Almendarez-Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), it, and our precedents following it, remain binding. *See United States v. Velasquez-Reyes,* 427 F.3d 1227, 1229 (9th Cir.2005). Nothing in *Shepard v. United States,* 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), or *Dretke v. Haley,* 541 U.S. 386, 124 S.Ct. 1847, 158 L.Ed.2d 659 (2004), allows us to depart from circuit precedent.

■ 4. The district court did not err in determining that Vidrio-Osuna's prior conviction for violation of California Health & Safety Code § 11351 qualifies, under the categorical approach set forth in *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), for a 16-level enhancement under section 2L1.2(b)(1)(A) of the United States Sentencing Guidelines Manual (U.S.S.G.). *See United States v. Morales-Perez,* 448 F.3d 1158, 1163 (9th Cir.2006) (holding that equivalent operative language of California

Health & Safety Code § 11351.5 qualifies for 16-level enhancement).

AFFIRMED.