**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Javier ALBA–HERRERA, aka Javvier Herrera Alba, Defendant–Appellant.**

No. 05–10312.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 12, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Bruce M. Ferg, Esq., Office of the U.S. Attorney Evo A. Deconcini U.S. Courthouse, Tucson, AZ, for Plaintiff–Appellee.

Francisco Leon, Esq., Tucson, AZ, for Defendant–Appellant.

Appeal from the United States District Court for the District of Arizona, David C. Bury, District Judge, Presiding. D.C. No. CR–03–02179–DCB.

Before: GOODWIN, LEAVY and FISHER, Circuit Judges.

### MEMORANDUM **

Javier Alba–Herrera appeals from the district court's denial of his motion to dismiss the indictment. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Alba–Herrera contends that the district court erred by denying his motion to dismiss the indictment based on invalid prior deportation proceedings.

■ We conclude that Alba–Herrera was not prejudiced when the Immigration Judge did not inform him of his rights under former Immigration and Nationality Act ("INA") § 212(h), *codified at* 8 U.S.C. § 1182(h). Alba–Herrera has not shown a plausible ground for relief from deporta-

*** This disposition is not appropriate for publication and may not be cited to or by the

tion, because he has not shown that his deportation would impose an extreme hardship on his United States citizen family members. *See United States v. Muro–Inclan,* 249 F.3d 1180, 1184 (9th Cir.2001).

■ Furthermore, we conclude that Alba–Herrera was not prejudiced when the Immigration Judge did not inform him of his rights under former INA § 212(c), *codified at* 8 U.S.C. § 1182(c). Because of his serious criminal history, Alba–Herrera would have needed to demonstrate "unusual or outstanding equities" at the time of his 1999 deportation in order to qualify for relief under former INA § 212(c). *See United States v. Gonzalez–Valerio,* 342 F.3d 1051, 1056–57 (9th Cir.2003). In light of the serious and extensive nature of his criminal record at the time of his 1999 deportation, and in light of the limited equities in his favor at that time, the district court properly found that Alba–Herrera suffered no prejudice. *See id.*

### AFFIRMED.

courts of this circuit except as provided by 9th Cir. R. 36–3.