UNITED STATES of America, Plaintiff—Appellee,

v.

Antonio GONZALEZ, aka Antonio Monge–Gonzalez, Defendant—Appellant.

No. 05–50791.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 13, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Becky S. Walker, Esq., USLA—Office of the U.S. Attorney Criminal Division, Los Angeles, CA, Robert Gannon, Esq., USSA—Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

Elizabeth Dahlstrom, Esq., FPDCA—Federal Public Defender's Office, Santa Ana, CA, for Defendant–Appellant.

Before: GOODWIN, RYMER and FISHER, Circuit Judges.

### MEMORANDUM **

Antonio Gonzalez appeals from his conviction and 51–month sentence following a guilty plea to illegal reentry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Gonzalez contends that the district court erred in denying his motion to dismiss the indictment on the grounds that his prior deportation was invalid. Specifically, Gonzalez contends that because the immigration judge ("IJ") failed to tell him that he was eligible for relief from deportation under former § 212(c) of the Immigration and Nationality Act, his deportation proceeding was defective and cannot form the basis for a conviction under 8 U.S.C. § 1326. Assuming, *arguendo,* the IJ's failure to inform Gonzalez of his eligibility for relief from deportation violated his due process rights, *see United States v. Ubaldo–Figueroa,* 364 F.3d 1042, 1048 (9th Cir.2004), the district court's denial of his motion to dismiss was not error because Gonzalez has failed to demonstrate prejudice. *See United States v. Gonzalez–Valerio,* 342 F.3d 1051, 1056–57 (9th Cir.2003).

Gonzalez next contends that the district court erred in sentencing him pursuant to 8 U.S.C. § 1326(b)(2) to more than the two-year statutory maximum set forth in § 1326(a), and that in light of subsequent Supreme Court decisions, *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), is not binding precedent. These contentions are foreclosed. *See United States v. Beng–Salazar,* 452 F.3d 1088, 1091 (9th Cir. 2006); *United States v. Weiland,* 420 F.3d 1062, 1079 n. 16 (9th Cir.2005), *cert. denied,* —— U.S. ——, 126 S.Ct. 1911, 164 L.Ed.2d 667 (2006).

■ Gonzalez's contention that the reporting condition of his supervised release violates his Fifth Amendment rights is also foreclosed, *see United States v. Rodriguez–Rodriguez,* 441 F.3d 767, 772–73 (9th Cir.2006), as is his contention that the district court's admission of a Certificate of Non–Existence of Records and a warrant of deportation violated his Sixth Amendment right to confrontation. *See United States v. Cervantes–Flores,* 421 F.3d 825, 834 (9th Cir.2005), *cert. denied,* —— U.S.

---

——, 126 S.Ct. 1911, 164 L.Ed.2d 668 (2006); *United States v. Bahena–Cardenas,* 411 F.3d 1067, 1074–75 (9th Cir.2005), *cert. denied,* —— U.S. ——, 126 S.Ct. 1652, 164 L.Ed.2d 398 (2006).

**AFFIRMED.**

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.