**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Saul MUNOZ–RECILLAS, Defendant—**
**Appellant.**

**No. 06–50312.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 14, 2007 *.

Filed March 8, 2007.

Jonathan S. Shapiro, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, Roger W. Haines, Jr., Esq.,

Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Mark F. Adams, Esq., San Diego, CA, for Defendant–Appellant.

Before: PREGERSON, W. FLETCHER, and BERZON, Circuit Judges.

## MEMORANDUM **

Saul Munoz–Recillas appeals the district court's denial of his motion to dismiss the indictment based on an allegedly invalid underlying deportation order, and his conviction for being a deported alien found in the United States in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

On April 9, 1996, following a jury trial, a California state court convicted Munoz–Recillas, a legal permanent resident, of possession of a controlled substance while armed with a firearm in violation of California Health and Safety Code § 11370.1(a), and transportation of a controlled substance in violation of California Health and Safety Code § 11379(a). Following his release in 2000, Munoz–Recillas was placed in deportation proceedings. He subsequently reentered the United States without permission and was charged, under 8 U.S.C. § 1326, with being an illegal alien found in the United States following deportation. Munoz–Recillas pled guilty to the offense charged, and reserved the right to appeal the district

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

court's denial of his motion to dismiss the indictment.

The crux of Munoz–Recillas's claim on appeal is that this 2000 deportation proceeding was constitutionally deficient because the immigration judge ("IJ") did not advise him that he could apply for § 212(c)[1] relief from deportation. Accordingly, Munoz–Recillas contends that the § 1326 indictment based on that deportation order and his § 1326 conviction are both invalid.

In *St. Cyr*, the Supreme Court held that, post-Antiterrorism and Effective Death Penalty Act ("AEDPA")[2], "§ 212(c) relief remains available for aliens ... whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." *INS v. St. Cyr*, 533 U.S. 289, 326, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001). In so deciding, the Court noted that, "preserving the possibility of [§ 212(c) ] relief would have been one of the principal benefits sought by defendants deciding whether to accept a plea offer or instead to proceed to trial." *Id.* at 323, 121 S.Ct. 2271.

Munoz–Recillas is not one of these aliens. Munoz–Recillas's aggravated felony conviction was a result of a jury trial and a guilty verdict. He was placed in deportation proceedings in 2000, well after the effective date of AEDPA. Because no Ninth Circuit case law holds that an alien in Munoz–Recillas's position is entitled to relief under § 212(c), the IJ had no obligation to inform him that relief could be available. *See Armendariz–Montoya v. Sonchik*, 291 F.3d 1116, 1121 (9th Cir.2002) (holding that AEDPA § 440(d) does not have a retroactive effect based on an alien's decision to plea not guilty); *see also Kelava v. Gonzales*, 434 F.3d 1120, 1124 (9th Cir.2006) (noting that the court "cabined *St. Cyr* to the plea context, because of the alien's reliance on existing law in that situation").

Because the deportation proceedings were valid, the resulting deportation was also valid, as was the indictment based on that deportation. Accordingly, Munoz–Recillas's § 1326 conviction is **AFFIRMED.**

---

1. Discretionary § 212(c) relief from deportation was available to permanent resident aliens who were previously convicted of an aggravated felony, and who served less than five years imprisonment. *See* 8 U.S.C. § 1182(c) (1994); *United States v. Gonzalez–Valerio,* 342 F.3d 1051, 1053 (9th Cir.2003).

2. Section 440(d) of AEDPA precludes aliens convicted of aggravated felonies from seeking § 212(c) discretionary relief from deportation.