UNITED STATES of America,
Plaintiff–Appellee,

v.

Alberto Salvado ROMERO–DIAZ,
Defendant–Appellant.

No. 06–50215.

United States Court of Appeals,
Ninth Circuit.

Submitted May 9, 2007.*

Filed May 11, 2007.

Stephen M. Miller, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Mark F. Adams, Esq., San Diego, CA, for Defendant–Appellant.

Before: SILVERMAN, WARDLAW, and BYBEE, Circuit Judges.

MEMORANDUM **

Alberto Salvado Romero–Diaz appeals from his conviction and 57–month sentence following his conditional guilty plea to being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Romero–Diaz contends that the district court erred in denying his motion to dismiss the indictment on the grounds that his prior deportation was invalid.

Assuming, arguendo, the immigration judge's failure to inform Romero–Diaz of his eligibility for relief from deportation violated his due process rights, *see United States v. Ubaldo–Figueroa,* 364 F.3d 1042, 1048 (9th Cir.2004), the district court's denial of his motion to dismiss was not error

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

because the district court properly found that he had failed to demonstrate prejudice. *See United States v. Gonzalez–Valerio*, 342 F.3d 1051, 1056–57 (9th Cir.2003).

Because of Romero–Diaz's serious criminal history, which included a previous conviction for assault with a deadly weapon and a juvenile adjudication for attempted murder, Romero–Diaz would have needed to demonstrate "unusual or outstanding equities" at the time of his 1998 deportation in order to qualify for relief under former Immigration and Nationality Act § 212(c). *See id.*

Although Romero–Diaz presented evidence of his strong family connections and long residency in the United States, the district court properly found that this was outweighed by his "violent criminal history of attempted murder and assault with a deadly weapon combined with his substance abuse and immigration violations." *See Gonzalez–Valerio*, 342 F.3d at 1056–57.

We decline to address Romero–Diaz's challenges to his August 6, 2002, reinstatement of deportation.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.