Jose **VELOZ–FLORES**, Petitioner,

v.

Michael B. **MUKASEY**, Attorney General, Respondent.

No. 06–74528.

United States Court of Appeals, Ninth Circuit.

Submitted May 20, 2008.*

Filed May 22, 2008.

James G. Roche, Law Offices of James G. Roche, Santa Ana, CA, for Petitioner.

NVL–District Counsel, Office of the District Counsel, Department of Homeland Security, Las Vegas, NV, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Robbin K. Blaya, Esq., Hillel Smith, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, TASHIMA, and GOULD, Circuit Judges.

MEMORANDUM **

Jose Veloz–Flores, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order sustaining the government's appeal from an immigration judge's ("IJ") decision granting Veloz–Flores' application for relief under former § 212(c) of the Immigration and Nationality Act. We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D) to review de novo questions of law. *Fernandez–Ruiz v. Gonzales*, 468 F.3d 1159, 1163 (9th Cir.2006). We deny the petition for review.

The record does not support Veloz–Flores' contention that the BIA contravened 8 C.F.R. § 1003.1(d)(3)(i) by engaging in de novo review of the IJ's factual findings. The BIA explicitly limited its de novo review to the IJ's exercise of discretion. *See id.* § 1003.1(d)(3)(ii).

We reject Veloz–Flores' contention that the BIA was required to grant relief because it agreed with the IJ that "unusual and outstanding" favorable equities were present. *See United States v. Gonzalez–Valerio*, 342 F.3d 1051, 1056–57 (9th Cir. 2003) (for the *possibility* of a favorable exercise of discretion, unusual or outstand-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ing equities are required for an applicant with a serious criminal history) (citing *Matter of Edwards*, 20 I. & N. Dec. 191, 196 (BIA 1990)).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.