MEMORANDUM *
Appellant Juan Pacheco was convicted and sentenced to a term of imprisonment of 63 months for illegal re-entry following deportation in violation of 8 U.S.C. § 1326. We affirm both the conviction and the sentence.
Pacheco contends that the district court should have dismissed his indictment because the immigration judge (“IJ”) at his deportation proceeding in 2000 violated his due process rights when he failed to inform him of his eligibility for § 212(c) relief. The district court assumed that a due process violation had occurred, but found that Pacheco did not show prejudice in the form of plausible grounds for relief under § 212(c). See, e.g., United States v. Gonzalez-Valeno, 342 F.3d 1051, 1056-57 (9th Cir.2003). Given Pacheco’s extensive criminal history as well as the lack of credible evidence regarding family or property ties, employment, or successful rehabilitation at the tune of his deportation proceedings, we affirm the district court’s conclusion regarding prejudice.
The district court also committed no reversible error in sentencing Pacheco to a term of imprisonment of 63 months. According to Pacheco, the district court did not adequately consider all of the sentencing factors enumerated in 18 U.S.C. § 3553(a) and specifically failed to take into account his personal characteristics. The district court, however, explicitly acknowledged the filing of Pacheco’s sentencing memorandum, heard argument from defense counsel, and gave its own reasons for the sentence imposed. See, e.g., United States v. Carty, 520 F.3d 984, 996 (9th Cir.2008) (en banc) (“Further, the judge stated that he reviewed the papers; the papers discussed the applicability of § 3553(a) factors; therefore, we take it that the judge considered the relevant factors.”) Furthermore, the District Court expressly recognized that the Guidelines “are advisory” and that “there are other factors to consider.” In fact, it ultimately sentenced Pacheco two levels below the otherwise applicable Guidelines range because “in this particular case” a Guidelines sentence “would be unreasonable compared to other defendants before this court.” We accordingly find that the sen *199 tence was neither proeedurally nor substantively unreasonable.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.