MEMORANDUM **
Sergio Garcia-Aparicio appeals from his conviction and 57-month sentence following his conditional guilty plea to being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
Garcia-Aparicio contends the district court erred by denying his motion to dismiss the indictment because, in a prior deportation hearing, an immigration judge violated his due process rights by incorrectly informing him that he was ineligible for discretionary relief under section 212(c) of the Immigration and Nationality Act. To sustain a collateral attack on a deportation order in a subsequent criminal proceeding, a defendant must demonstrate that his due process rights were violated by defects in the underlying deportation proceeding, and that he suffered prejudice as a result. See 8 U.S.C. § 1326(d); United States v. Ubaldo-Figueroa, 364 F.3d 1042, 1048 (9th Cir.2004). To establish prejudice, Garcia-Aparicio must “show that he had a plausible ground for relief from deportation.” See Ubaldo-Figueroa, 364 F.3d at 1050 (citation and quotation marks omitted). Although Garcia-Aparicio presented some evidence to support his claim, the district *283 court properly found that he failed to establish a plausible ground for relief because the evidence he submitted was outweighed by his conviction of rape by force or fear. See United States v. Gonzalez-Valerio, 342 F.3d 1051, 1056-57 (9th Cir.2003); see also Yepes-Prado v. INS, 10 F.3d 1363, 1366 (9th Cir.1993) (“Where a 212(c) petitioner has committed a particularly grave criminal offense, he must make a heightened showing that his case presents unusual or outstanding equities to warrant discretionary relief.”). Therefore, Garcia-Aparicio failed to demonstrate prejudice. See Gonzalez-Valerio, 342 F.3d at 1057.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.