FILED

NOV 19 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50592 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-01545-JAH-1 |
| v. | |
| RODRIGO GUEVARA-OSUNA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Argued and Submitted October 7, 2010
Pasadena, California

Before: FISHER and BYBEE, Circuit Judges, and STROM, District Judge.[**]

Rodrigo Guevara-Osuna ("Guevara"), a native of Mexico, appeals the

district court's denial of his motion pursuant to 8 U.S.C. § 1326(d) to dismiss an

indictment charging him with being a deported alien found in the United States in

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Lyle E. Strom, Senior United States District Judge for the District of Nebraska, sitting by designation.

violation of 8 U.S.C. § 1326(a) and (b). The motion to dismiss was based on an allegedly invalid deportation order. Specifically, Guevara claimed his immigration judge ("IJ") inadequately advised him of his eligibility for relief from deportation pursuant to 8 U.S.C. § 1182(c) (1991) ("§ 212(c)"). He argued that he was eligible for relief, the IJ violated his due process rights by failing to inform him of his eligibility, and he suffered prejudice as a result. We affirm.

A motion to dismiss based on the collateral attack of an underlying deportation order is reviewed de novo. *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1047 (9th Cir. 2004). The district court's findings of fact in connection with a motion to dismiss are reviewed for clear error. *United States v. Medina-Villa*, 567 F.3d 507, 511 (9th Cir. 2009).

Assuming a due process violation, Guevara has not suffered prejudice. To establish prejudice, Guevara is required to show "unusual or outstanding equities," because Guevara had committed "a succession of criminal acts which together establish a pattern of serious criminal misconduct." *In re Edwards*, 20 I. & N. Dec. 191, 195-96 (BIA 1990). In light of the heightened standard, Guevara has not shown that "an IJ could have concluded that his potential claim for relief from deportation would be 'plausible.'" *United States v. Pallares-Galan*, 359 F.3d 1088, 1104 (9th Cir. 2004). Guevara has shown only typical equities –

2

longstanding residence in the United States, family ties in the United States and some employment in the United States – rather than unusual or outstanding equities. These favorable considerations, moreover, would be weighed against the substantial adverse factors that would have gone into the § 212(c) analysis, particularly his pattern of criminal conduct and lack of documented rehabilitation. It is therefore highly unlikely he would have been granted § 212(c) relief from deportation. Thus, he has not established prejudice. *See, e.g.*, *United States v. Gonzalez-Valerio*, 342 F.3d 1051, 1057 (9th Cir. 2003). We accordingly affirm the district court's denial of Guevara's motion to dismiss the indictment under § 1326(d).

**AFFIRMED.**