**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50238 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-03590-BTM-1 |
| v. | |
| IVAN CONTRERAS-LOPEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Barry T. Moskowitz, District Judge, Presiding

Argued and Submitted May 3, 2011
Pasadena, California

Before: GOODWIN and WARDLAW, Circuit Judges, and COGAN, District
Judge.[**]

Following a conditional guilty plea, Ivan Contreras-Lopez ("Contreras")

appeals his conviction for being a deported alien found in the United States without

permission in violation of 8 U.S.C. § 1326. Contreras contends that the district court

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]The Honorable Brian M. Cogan, U.S. District Judge for the Eastern
District of New York, sitting by designation.

should have granted his motion to dismiss the indictment because it was based on a prior removal order that was entered in violation of his due process right to counsel, inherently prejudicing his ability to obtain immigration relief. We have jurisdiction under 28 U.S.C. § 1291 and review *de novo* a claim that a defect in a prior removal proceeding precludes reliance on the final removal order in a subsequent § 1326 proceeding. *United States v. Ramos*, 623 F.3d 672, 679 (9th Cir. 2010).

To successfully bring a collateral attack against a prior removal order, an alien must demonstrate that: "(1) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d). "Under our case law, a predicate removal order satisfies the condition of being 'fundamentally unfair' for purposes of § 1326(d)(3) when the deportation proceeding violated the alien's due process rights and the alien suffered prejudice as a result." *United States v. Arias-Ordonez*, 597 F.3d 972, 976 (9th Cir. 2010) (citing *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2003)).

As the government concedes, the district court correctly found that Contreras's waiver of his right to counsel was invalid and that his removal proceedings therefore

2

violated his right to due process. *See United States v. Ahumada-Aguilar*, 295 F.3d 943, 947–50 (9th Cir. 2002); *Ram v. Mukasey*, 529 F.3d 1238, 1242 (9th Cir. 2008).

Nonetheless, Contreras's collateral attack fails to satisfy § 1326(d)(3) because he has not established that he was prejudiced as a result of his invalid waiver of the right to counsel. *See Ramos*, 623 F.3d at 683–84. In a separate opinion we held that prejudice could not be presumed based on such a violation of an alien's right to counsel when an alien has been convicted of an aggravated felony. *United States v. Reyes-Bonilla*, No. 10-50361, __ F.3d __, slip op. at 1173 (9th Cir. Feb. 6, 2012) ("We therefore hold that in order to mount a successful collateral attack on a prior removal order under § 1326(d), an alien who was convicted of an aggravated felony and was not properly advised of his right to counsel or did not waive this right must show that he was actually prejudiced by this due process violation.").

While we left open the possibility that prejudice could be presumed where an alien was affirmatively prevented from exercising his right to representation, *id.*, this is not such a case. Contreras has made no argument that he had plausible grounds for relief at the time of his removal proceedings. *Ramos*, 623 F.3d at 684 (noting that to establish prejudice a defendant need establish "only that there were 'plausible grounds for relief,'" quoting *United States v. Gonzalez-Valerio*, 342 F.3d 1051, 1054 (9th Cir. 2003)). And because Contreras was convicted of an aggravated felony, he is ineligible

3

for any rebuttable presumption of prejudice. *Reyes-Bonilla*, No. 10-50361, slip op. at 1173. Accordingly, the district court correctly denied his motion to dismiss the indictment.

**AFFIRMED.**