**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50565 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-04190-JLS-1 |
| v. | |
| JUAN MANUEL ALMARAZ-LUEVANO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted November 6, 2013[**]
Pasadena, California

Before: O'SCANNLAIN, GRABER, and BEA, Circuit Judges.

Appellant Juan Manuel Almaraz-Luevano timely appeals his conviction

under 8 U.S.C. § 1326 for being a deported alien found in the United States.

Appellant seeks to attack collaterally both of his underlying deportation orders

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

upon which his conviction was grounded. Reviewing de novo the district court's denial of Appellant's motion to dismiss the indictment, *United States v. Ramos*, 623 F.3d 672, 679–80 (9th Cir. 2010), we affirm.

Appellant fails to show that he was prejudiced by the immigration judge's ("IJ") failure to inform him of the possibility of, then available, relief under § 212(c) because Appellant would not have had "plausible grounds for relief under § 212(c)" had he been informed of, and requested, such relief. *United States v. Gonzalez-Valerio*, 342 F.3d 1051, 1054 (9th Cir. 2003). Based on the factors upon which IJs formerly relied in assessing § 212(c) petitions for relief, *Yepes-Prado v. INS*, 10 F.3d 1363, 1366 (9th Cir. 1993), Appellant fails to meet the heightened showing of "outstanding equities," which would have been required because of Appellant's two felony drug convictions. *See Ayala-Chavez v. INS*, 944 F.2d 638, 641 (9th Cir. 1991). In particular, "the existence, seriousness, and recency of any criminal record" would have weighed heavily against Appellant's petition, especially given the fact that he had been convicted of four crimes in the five years preceding his 1997 removal proceeding, including three felony convictions, one of which occurred just weeks before his removal proceeding. *Yepes-Prado*, 10 F.3d at 1366. Because we find that Appellant's 1997 removal order serves as a valid

underlying basis for his conviction under 8 U.S.C. § 1326, we need not consider the validity of his 2009 removal order.

We further affirm the district court's imposition of the one-year term of supervised release to follow Appellant's prison sentence. Appellant argues that the district court's imposition of the one-year term of supervised release contravened the November 1, 2011, amendment to the United States Sentencing Guidelines § 5D1.1, which provides that: "In a case in which the defendant is a deportable alien . . . and supervised release is not required by statute, the court ordinarily should not impose a term of supervised release." U.S.S.G. § 5D1.1 cmt. n.5. However, that same amendment to the Sentencing Guidelines also provides that: "The court should . . . consider imposing a term of supervised release on such a defendant if the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case." *Id.* Because the district court imposed the one-year term of supervised release based on Appellant's "criminal history and demonstrated defiance of court orders," the district court's sentence does not constitute an abuse its discretion. *See United States v. Apodaca*, 641 F.3d 1077, 1079 (9th Cir. 2011).

**AFFIRMED.**