UNITED STATES of America,
Plaintiff—Appellee,

v.

Jacinto ALONZO–MENDOZA,
Defendant—Appellant.

No. 04–50409.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 18, 2005.

Submission Withdrawn Oct. 31, 2005.

Resubmitted March 19, 2007.

Filed March 21, 2007.

---

U.S. Attorney, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Steven F. Hubachek, Esq., Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: KLEINFELD, TASHIMA and FISHER, Circuit Judges.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

## MEMORANDUM *

Jacinto Alonzo–Mendoza was deported from the United States in 1997 after a hearing at which he was not informed of his right to appeal or his eligibility for fast-track voluntary departure under 8 U.S.C. § 1229c(a). Over the course of 2003, Alonzo–Mendoza was convicted of second-degree robbery, removed following an expedited proceeding and then found again in the United States. He was subsequently tried by jury and convicted of being a deported alien found in the U.S. in violation of 8 U.S.C. § 1326. He now appeals his conviction and 78–month sentence.

We agree with Alonzo–Mendoza that his due process rights were violated when the immigration judge ("IJ") did not individually inform him of his right to appeal and eligibility for fast-track voluntary departure. See United States v. Ubaldo–Figueroa, 364 F.3d 1042, 1048–49 (9th Cir. 2004); United States v. Gonzalez–Valerio, 342 F.3d 1051, 1054 (9th Cir.2003). However, we disagree that he was prejudiced by this due process violation. To establish prejudice, an alien must demonstrate that he had a "plausible ground for relief" from deportation. United States v. Muro–Inclan, 249 F.3d 1180, 1185 (9th Cir.2001). "Once [the alien] makes a prima facie showing of prejudice, the burden shifts to the government to demonstrate that the procedural violation could not have changed the proceedings' outcome." Gonzalez–Valerio, 342 F.3d at 1054.

Alonzo–Mendoza had been convicted of a gang-related murder and served six years in juvenile detention just prior to his 1997 deportation hearing. He had also earlier been arrested for weapons possession, at-

tempted grand theft auto, grand theft auto and assault with a deadly weapon. Given the extent of his criminal history, it is not plausible that he would have received fast-track voluntary departure had he requested it. Even taking into account the low threshold for receiving fast-track voluntary departure, Alonzo–Mendoza's accessory role in the murder, his average to positive record while in custody, his family ties to the United States and his eligibility for an adjustment of status, the negative equities associated with his criminal history would have been too great for the IJ to overlook. Alonzo–Mendoza notably fails to direct our attention to any instances of an IJ or the Board of Immigration Appeals granting fast-track voluntary departure under circumstances similar to his, nor have we been able to identify any. He therefore was not prejudiced by the due process violation at his deportation hearing and his conviction must stand.

Turning to Alonzo–Mendoza's other claims, we have explicitly held that a certificate of non-existence of record is not testimonial in nature and thus its admission does not violate the Confrontation Clause. *See United States v. Salazar–Gonzalez,* 458 F.3d 851, 854 (9th Cir.2006). We have also held that "a previously removed alien who reenters the country illegally is not entitled to a hearing before an immigration judge to determine whether to reinstate a prior removal order." *Morales–Izquierdo v. Gonzales,* 477 F.3d 691, 705 (9th Cir.2007) (en banc). The district court therefore did not err in enhancing Alonzo–Mendoza's sentence because of his 2003 conviction for second-degree robbery, even though the expedited removal proceeding that followed that conviction was not conducted before an IJ. Furthermore, the court did not violate Alonzo–Mendoza's Sixth Amendment rights by calculating criminal history points, *see United States v. Hernandez–Castro,* 473 F.3d 1004, 1007

(9th Cir.2007), or by categorizing his prior conviction as a "crime of violence," *see United States v. Brown,* 417 F.3d 1077, 1079–80 (9th Cir.2005).

■ Finally, we agree with Alonzo–Mendoza that the district court committed Sixth Amendment error by finding a fact, his removal after his conviction for an aggravated felony, that was never charged in the indictment or found by the jury beyond a reasonable doubt. This court has held that "[t]he fact of a prior removal plainly falls outside the scope of th[e] exception" for a prior conviction. *United States v. Covian–Sandoval,* 462 F.3d 1090, 1097 (9th Cir.2006). Moreover, it is undisputed that the government presented evidence at trial that Alonzo–Mendoza was removed twice and that the jury was never called upon to decide on which removal his conviction should rest. However, as in *Covian–Sandoval,* the Sixth Amendment violation here did not affect Alonzo–Mendoza's substantial rights and therefore was not plain error. At no point in these proceedings has he argued that the 2003 removal did not occur or did not postdate his conviction for second-degree robbery; indeed, his argument that this removal was flawed because it was not held before an IJ implicitly concedes that it took place.

■ Accordingly, we affirm Alonzo–Mendoza's conviction and reject his various challenges to his sentence. Because he was sentenced prior to the Supreme Court's decision in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and it is unclear from the record whether the district court would have imposed the same sentence had it known the Sentencing Guidelines were advisory, we remand for discretionary reconsideration of his sentence in light

of *Booker.* *See United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc).

**AFFIRMED; REMANDED.**