UNITED STATES of America,
Plaintiff—Appellee,

v.

Jacinto ALONZA–MENDOZA,
Defendant—Appellant.

No. 04–50409.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 18, 2005.

Submission Withdrawn Oct. 31, 2005.

Resubmitted March 19, 2007.

Filed June 19, 2007.

☞34(7)

U.S. Attorney, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Steven F. Hubachek, Esq., Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: KLEINFELD, TASHIMA and FISHER, Circuit Judges.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

## AMENDED MEMORANDUM *

The memorandum disposition filed March 21, 2007, 225 Fed.Appx. 655, is amended in full as follows:

Jacinto Alonza–Mendoza was deported from the United States in 1997 after a hearing in immigration court at which he was not informed of his right to appeal or his eligibility for fast-track voluntary departure under 8 U.S.C. § 1229c(a). Over the course of 2003, Alonza–Mendoza was convicted of second-degree robbery, removed following an expedited proceeding and then found again in the United States. He was subsequently tried by jury and convicted of being a deported alien found in the U.S. in violation of 8 U.S.C. § 1326. He now appeals his conviction and 78–month sentence.

■ We agree with Alonza–Mendoza that his due process rights were violated when the immigration judge ("IJ") did not individually inform him of his right to appeal and eligibility for fast-track voluntary departure. *See United States v. Ubaldo–Figueroa*, 364 F.3d 1042, 1048–49 (9th Cir. 2004); *United States v. Gonzalez–Valerio*, 342 F.3d 1051, 1054 (9th Cir.2003). However, we disagree that he was prejudiced by this due process violation. To establish prejudice, an alien must demonstrate that he had a "plausible ground for relief" from deportation. *United States v. Muro–Inclan*, 249 F.3d 1180, 1185 (9th Cir.2001). "Once [the alien] makes a prima facie showing of prejudice, the burden shifts to the government to demonstrate that the procedural violation could not have changed the proceedings' outcome." *Gonzalez–Valerio*, 342 F.3d at 1054.

Alonza–Mendoza had been convicted of a gang-related murder and served six years

in juvenile detention just prior to his 1997 deportation hearing. He had also earlier been arrested for weapons possession, attempted grand theft auto, grand theft auto and assault with a deadly weapon. Given the extent of his criminal history, it is not plausible that he would have received fast-track voluntary departure had he requested it. Even taking into account the low threshold for receiving fast-track voluntary departure, Alonza–Mendoza's accessory role in the murder, his average to positive record while in custody, his family ties to the United States and his eligibility for an adjustment of status, the negative equities associated with his criminal history would have been too great for the IJ to overlook. Alonza–Mendoza notably fails to direct our attention to any instances of an IJ or the Board of Immigration Appeals granting fast-track voluntary departure under circumstances similar to his, nor have we been able to identify any. He therefore has not shown that he was prejudiced by the due process violation at his deportation hearing and his conviction must stand.

■ Turning to Alonza–Mendoza's other claims, we have explicitly held that a certificate of non-existence of record is not testimonial in nature and thus its admission does not violate the Confrontation Clause. *See United States v. Salazar–Gonzalez*, 458 F.3d 851, 854 (9th Cir.2006). We have also held that "a previously removed alien who reenters the country illegally is not entitled to a hearing before an immigration judge to determine whether to reinstate a prior removal order." *Morales–Izquierdo v. Gonzales*, 477 F.3d 691, 705 (9th Cir.2007) (en banc). The district court therefore did not err in enhancing Alonza–Mendoza's sentence because of his 2003 conviction for second-degree robbery, even though the expedited removal proceeding that followed that conviction was not conducted before an IJ. Furthermore,

the court did not violate Alonza–Mendoza's Sixth Amendment rights by calculating criminal history points, *see United States v. Hernandez–Castro*, 473 F.3d 1004, 1007 (9th Cir.2007), or by categorizing his prior conviction as a "crime of violence," *see United States v. Brown*, 417 F.3d 1077, 1079–80 (9th Cir.2005).

■ Finally, we agree with Alonza–Mendoza that the district court committed Sixth Amendment error by finding a fact, his removal after his conviction for an aggravated felony, that was never charged in the indictment or found by the jury beyond a reasonable doubt. This court has held that "[t]he fact of a prior removal plainly falls outside the scope of th[e] exception" for a prior conviction. *United States v. Covian–Sandoval*, 462 F.3d 1090, 1097 (9th Cir.2006). Moreover, it is undisputed that the government presented evidence at trial that Alonza–Mendoza was removed twice and that the jury was never called upon to decide on which removal his conviction should rest. However, as in *United States v. Zepeda–Martinez*, 470 F.3d 909 (9th Cir.2006), the Sixth Amendment violation here was harmless beyond a reasonable doubt. At no point in these proceedings has Alonza–Mendoza argued that the 2003 removal did not occur or did not postdate his conviction for second-degree robbery; indeed, his argument that this removal was flawed because it was not held before an IJ implicitly concedes that it took place. It is also beside the point that he challenges not only the jury's failure to find his prior removal but also that element's omission from his indictment. The indictments in *Covian–Sandoval* and *Zepeda–Martinez* were similarly flawed but this error did not, as Alonza–Mendoza contends it should, require automatic reversal.

Accordingly, we affirm Alonza–Mendoza's conviction and reject his various con-

stitutional challenges to his sentence. However, because he was sentenced prior to the Supreme Court's decision in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and "raised an objection in district court based on the Sixth Amendment holdings of the *Apprendi* line of cases," we vacate his sentence and remand to the district court for resentencing. *United States v. Beng–Salazar,* 452 F.3d 1088, 1097 (9th Cir.2006).

Conviction **AFFIRMED;** sentence **VACATED and REMANDED.**

### ORDER

The panel has voted to deny the petition for rehearing. Judges Kleinfeld and Fisher have voted to deny the suggestion for rehearing en banc, and Judge Tashima recommended denying the suggestion for rehearing en banc.

The full court has been advised of the suggestion for rehearing en banc and no judge has requested a vote on whether to rehearing the matter en banc. Fed. R.App. P. 35.

Appellant's petition for rehearing and suggestion for rehearing en banc, filed May 4, 2007, is **DENIED.**

No further petitions for panel rehearing and rehearing en banc will be entertained.