**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DORIS CARDOZA-FUENTES, | No. 07-73151 |
| Petitioner, | Agency No. A040-006-393 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 11, 2010[**]

Before:     BEEZER, TROTT, and BYBEE, Circuit Judges.

Doris Cardoza-Fuentes, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's order denying her application for relief under former

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes that this case is suitable for
decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

TL/Research

section 212(c), 8 U.S.C. § 1182(c). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law and constitutional claims. *Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003). We deny in part and dismiss in part the petition for review.

The government did not need to charge Cardoza-Fuentes as removable pursuant to 8 U.S.C. § 1227(a)(2)(B)(i) in her notice to appear ("NTA") for the BIA to conclude that she was ineligible for relief on this ground. *See United States v. Gonzalez-Valerio*, 342 F.3d 1051, 1054-55 (9th Cir. 2003).

Cardoza-Fuentes' equal protection challenge fails because she was convicted by plea agreement after the effective date of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") and is therefore not similarly situated to those permanent residents who could have relied upon the availability of 212(c) relief because they entered pleas prior to AEDPA's passage. *See Dillingham v. INS*, 267 F.3d 996, 1007 (9th Cir. 2001) (to succeed on an equal protection challenge, the petitioner must establish that his treatment differed from that of similarly situated persons).

We need not reach Cardoza-Fuentes' contention that she is not removable for having been convicted of an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii) because she conceded removability under 8 U.S.C.

§ 1182(a)(2)(C) and the BIA denied her application for a 212(c) waiver under 8 U.S.C. § 1227(a)(2)(B)(i).

We lack jurisdiction to review Cardoza-Fuentes' contention that the NTA is deficient and that she is eligible for cancellation of removal under 8 U.S.C. § 1229b(a) because she failed to exhaust these arguments before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**