FILED

DEC 21 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUAN VASALLO-MARTINEZ,

Defendant - Appellant.

No. 09-50324

D.C. No. 3:08-cr-02965-BEN-1

MEMORANDUM [*]

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted  December 8, 2009
Pasadena, California

Before: REINHARDT, TROTT and WARDLAW, Circuit Judges.

Juan Vasallo-Martinez ("Vasallo"), a native and citizen of Mexico, entered a

conditional guilty plea to a one-count indictment for violation of 8 U.S.C. § 1326,

unlawful reentry after removal. He appeals the denial of his motion to dismiss the

indictment on the grounds that although his due process rights were violated in the

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

stipulated removal proceeding underlying the indictment, he suffered no prejudice. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review de novo the denial of the motion to dismiss on due process grounds. *U.S. v. Pallares-Galan*, 359 F.3d 1088 (9th Cir. 2004) (citing *U.S. v. Muro-Inclan*, 249 F.3d 1180, 1182 (9th Cir. 2001)).

The district court found, and the government does not contest, that Vasallo's due process rights were violated when, as an uncounseled alien, an Immigration Judge determined that his stipulation to removal under 8 U.S.C. § 1229(a)(5) was "knowing, voluntary, and intelligent." 8 C.F.R. § 1003.25(b). Nor does the government dispute the district court's determination that Vasallo was statutorily eligible for pre-hearing voluntary departure, as he was neither an aggravated felon nor involved in terrorist activities. The only issue in dispute is whether the district court correctly found that Vasallo failed to demonstrate that he had a "plausible ground[] for relief." *U.S. v. Gonzales-Valerio*, 342 F.3d 1051, 1054 (9th Cir. 2003).

We disagree with the district court's conclusion that it was not likely or plausible that the IJ would have exercised his discretion to grant Vasallo fast-track voluntary departure. The district court erroneously focused exclusively on Vasallo's four convictions for Driving Under the Influence ("DUI") and three

unrelated misdemeanors in analyzing plausibility. IJs may also consider "countervailing equities such as long residence here, close family ties in the United States, or humanitarian needs." *In re Thomas*, 21 I. & N. Dec. 20, 23 (BIA 1995).

Vasallo did not have an aggravated felony conviction. The BIA has on several occasions affirmed the grant of voluntary departure or remanded for the IJ to consider voluntary departure relief to aliens with criminal histories similar to Vasallo's. *See, e.g. In re Gonzales-Figeroa*, A29013696, 2005 WL 3833024 (BIA Feb. 10, 2006) (affirming grant of voluntary departure where petitioner had four convictions for assault, one conviction for resisting arrest, and numerous arrests); *In re Pineda-Castellanos*, A77212443, 2005 WL 3833024 (BIA Nov, 16, 2005) (affirming grant of voluntary departure where criminal history included six criminal convictions including battery, drunkenness, and driving under the influence); *see also In re Vallalonga Mante*, A44809425, 2007 WL 1676929 (BIA May 18, 2007) (remanding to IJ to weigh merits of voluntary departure where petitioner was convicted of sexual battery); *In re Guillermo Ramirez*, A 90797718, 2005 WL 698425 (BIA Mar. 8, 2005) (remanding to IJ to consider voluntary departure where petitioner committed robbery, identity theft, use of false name, and was arrested for DUI)*; In re Hernandez-Barreto*, A92297631, 2004 WL 2943517 (BIA Oct. 29, 2004) (remanding case to IJ to weigh merits of voluntary

departure where petitioner was convicted for domestic violence, possession of controlled substance, and DUI); *In re Reyes-Jimenez*, A97341646, 2004 WL 2418597 (BIA Oct. 4, 2004) (remanding to IJ to allow petitioner to apply for voluntary departure where petitioner was convicted of DUI, burglary, and disorderly conduct).

Nor did the district court factor into its analysis the numerous countervailing equities that would weigh in favor of granting relief. Vasallo entered the United States as a young child, and lived in the United States for at least 21 years before his deportation by stipulated removal. Although he was abandoned by his mother at a young age, Vasallo graduated from high school and earned an Associate's Degree in Automotive Technology. He has worked as an auto technician for 17 years, and has owned his own automotive business. The only family Vasallo has resides in the United States. Vasallo and his wife, a U.S. citizen, have been married for 6 years. He has a U.S. citizen child who was 3 years old at the time of his removal. He has attended the same church for almost 20 years.

Based on our review of analogous cases and the numerous factors weighing in favor of relief, we conclude that Vasallo had plausible grounds for relief and was therefore prejudiced because the IJ failed to inform him of that relief, and

nonetheless concluded that his stipulation to removal was "knowing, voluntary, and intelligent."

**REVERSED; REMANDED.**

FILED

DEC 21 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

<u>United States v. Vasallo-Martinez</u>, No. 09-50324

TROTT, Circuit Judge, dissenting:

I respectfully disagree with my colleagues.  Given Vasallo-Martinez's egregious criminal record and his manifest danger to any community in which he lives, I conclude that he did not have a plausible ground for relief and thus suffered no prejudice from the error in his removal proceeding.  I would affirm.