**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID ALCON-MATEO,

Defendant - Appellant.

No. 12-50292

D.C. No. 3:11-cr-01193-JAH-1
Southern District of California,
San Diego

ORDER AMENDING

Before: WARDLAW, BYBEE, and NGUYEN, Circuit Judges.

The prior memorandum disposition filed on August 16, 2013, is hereby amended concurrent with the filing of the amended disposition today.

With these amendments, the panel has unanimously voted to deny the petitions for rehearing and for rehearing en banc.

The full court was advised of the petition for rehearing en banc, and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The petitions for rehearing and for rehearing en banc are DENIED. No further petitions for rehearing or rehearing en banc may be filed in response to the amended disposition.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 05 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>DAVID ALCON-MATEO,<br><br>Defendant - Appellant. | No. 12-50292<br><br>D.C. No. 3:11-cr-01193-JAH-1<br><br>AMENDED MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Argued and Submitted July 10, 2013
Pasadena, California

Before: WARDLAW, BYBEE, and NGUYEN, Circuit Judges.

David Alcon-Mateo appeals the district court's denial of his motion to

dismiss an indictment charging him with illegal reentry after deportation pursuant

to 8 U.S.C. § 1326. Alcon-Mateo collaterally attacked the validity of his

deportation on due process grounds under 8 U.S.C. § 1326(d), arguing that he was

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

not adequately advised as to the possibility of obtaining voluntary departure at his

removal hearing. The district court denied the motion on the grounds that Alcon-

Mateo failed to demonstrate actual prejudice resulting from the due process

violation. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

We review de novo a collateral attack to a deportation order. *United States*

*v. Lopez-Velasquez*, 629 F.3d 894, 896 (9th Cir. 2010) (en banc). In order to

succeed on a collateral attack, a defendant must establish that entry of the

underlying removal order was "fundamentally unfair." 8 U.S.C. § 1326(d)(3).[1]

Entry of a removal order is "fundamentally unfair" for purposes of § 1326(d)(3)

where defects in the removal proceeding violated the defendant's due process

rights and the defendant suffered prejudice as a result. *United States v.*

*Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2004).

As there is no dispute that Alcon-Mateo's due process rights were violated

by the Immigration Judge's ("IJ") failure to provide information about a form of

potentially available discretionary relief, the sole issue before us is whether Alcon-

---

[1] Section 1326(d) also requires a defendant to establish (1) that he exhausted any administrative remedies that may have been available to seek relief against the order; and (2) that the deportation proceedings at which the order was issued improperly deprived him of the opportunity for judicial review. 8 U.S.C. § 1326(d). The government does not contest that these elements are satisfied here.

-2-

Mateo established that he suffered actual prejudice. "An alien seeking to prove prejudice need not establish that he definitely would have received immigration relief, but only that he had 'plausible grounds' for receiving such relief." *United States v. Barajas-Alvarado*, 655 F.3d 1077, 1089 (9th Cir. 2011) (citation omitted). In evaluating whether such a showing has been made, we must consider whether, "in light of the factors relevant to the form of relief being sought, and based on the unique circumstances of the alien's own case, it was plausible (not merely conceivable) that the IJ would have exercised his discretion in the alien's favor." *United States v. Rojas-Pedroza*, 716 F.3d 1253, 1263 (9th Cir. 2013) (citation omitted).[2]

Alcon argues on appeal that the district court improperly relied on events that occurred after his 2009 removal hearing, as well as a finding by the IJ in a

---

[2] We acknowledge that our opinion in *United States v. Gonzalez-Valerio*, 342 F.3d 1051 (9th Cir. 2003), states that "[o]nce [the defendant] makes a prima facie showing of prejudice, the burden shifts to the government to demonstrate that the procedural violation could not have changed the proceedings' outcome." *Id.* at 1054. Even assuming that Alcon-Mateo has made the requisite "prima facie" showing, the government has demonstrated that it is not "plausible" that Alcon-Mateo would have received relief by comparing Alcon-Mateo's positive and negative equities to those present in our published opinions and the relevant BIA decisions.

prior bond-request hearing.[3] However, we may affirm the district court's denial of a motion to dismiss under § 1326(d) on any basis supported by the record, regardless of the district court's rationale. *See United States v. Sandoval-Orellana*, 714 F.3d 1174, 1178 (9th Cir. 2013); *United States v. Reyes–Bonilla*, 671 F.3d 1036, 1042 (9th Cir. 2012).

Our review of the record leads us to conclude that Alcon-Mateo lacked a plausible case for discretionary relief, despite favorable factors including nine years of residence in the United States, employment, and his support for his girlfriend's child. At the time of his deportation hearing in April 2009, Alcon-Mateo's criminal record included twelve misdemeanor convictions and at least two additional arrests. Two of his convictions were for driving under the influence, which is considered a "serious negative factor[,]" *Rojas-Pedroza*, 716 F.3d at 1265 (citations omitted), while three were for domestic violence offenses. The domestic violence convictions involved his long-term girlfriend, which significantly undercuts the extent to which his cohabitation with her can be viewed

---

[3] To the extent that the district court's determination rested on events occurring after the 2009 removal hearing, Alcon-Mateo is correct that this was error. A court may not consider events which occurred after a removal hearing took place in determining whether a defendant was prejudiced by a defect in removal proceedings. *See United States v. Scott*, 394 F.3d 111, 118–19 (2d Cir. 2005).

as a positive equity. *See United States v. Gonzalez-Valerio*, 342 F.3d 1051, 1057 n.5 (9th Cir. 2003) (noting that the alien's declaration stating that he was "attached" to his family who lived in the United States was "obviously undermined by his spousal and child abuse convictions").

Although Alcon-Mateo had lived in the United States for approximately nine years at the time of his removal hearing, his parents and eight of his nine siblings lived in Mexico. The BIA has upheld denials of voluntary departure under circumstances more favorable than those presented here. *See, e.g., Matter of Posadas-Posadas*, 2012 WL 371659 (BIA Jan. 18, 2012) (affirming denial of voluntary departure where the alien was arrested twice for driving on a suspended license and had one DUI, despite the alien's family ties and lengthy stay in the United States); *Matter of Serna*, 20 I. & N. Dec. 579, 580, 586 (BIA 1992) (upholding denial of voluntary departure where the alien had a single conviction for the possession of an altered immigration document, had been residing in the

United States for seven years, and intended to marry a United States citizen with whom he had a citizen child).[4]

In sum, having considered both the favorable and unfavorable factors relevant to a discretionary grant of pre-conclusion voluntary departure, we ultimately agree with the district court that it is not plausible that the IJ would have granted Alcon-Mateo discretionary relief in April 2009. Because Alcon-Mateo therefore cannot show actual prejudice, he cannot establish that the entry of the April 2009 removal order was "fundamentally unfair" under § 1326(d)(3). Accordingly, his collateral attack on the removal order fails.

**AFFIRMED**.

---

[4] Several of the cases on which Alcon-Mateo relies, *see Matter of Gonzales-Figeroa*, 2006 WL 729784 (BIA Feb. 10, 2006); *United States v. Vasallo-Martinez*, 360 F. App'x 731, 733 (9th Cir. 2009); *United States v. Alcazar-Bustos*, 382 F. App'x 568, 569 (9th Cir. 2010), involved greater positive equities than are present here, as well as lesser or roughly equivalent negative equities. Accordingly, his reliance on these cases is not persuasive.