NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 14 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>ROBERT SKEFFERY,<br><br>Defendant - Appellee. | No. 11-50553<br><br>D.C. No. 3:10-cr-00310-JAH-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Argued and Submitted December 3, 2012
Pasadena, California

Before: BERZON, CLIFTON, and IKUTA, Circuit Judges.

The government appeals the district court's order granting in part Robert

Skeffery's motion to dismiss an indictment for attempted re-entry after deportation

in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 18 U.S.C.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

§ 3731.  *See United States v. Gonzalez-Valerio*, 342 F.3d 1051, 1052 (9th Cir. 2003).  Reviewing de novo, *see id.* at 1053, we reverse and remand.

Skeffery's collateral attack on his deportation order fails because he has not demonstrated that he was prejudiced by the Immigration Judge's failure to inform him of potential relief from deportation under former § 212(c) of the Immigration and Nationality Act.[1]  *See id.* at 1054.  Because of his serious criminal history, Skeffery would have had to demonstrate outstanding or unusual equities to receive § 212(c) relief.  *See id.* at 1056–57.  Skeffery's equities, which consist of long-term residence in and family ties to the United States, are not outstanding or unusual, so he lacks a plausible ground for relief.  *See id.* at 1057; *see also Ayala-Chavez v. INS*, 944 F.2d 638, 641–42 (9th Cir. 1991).

Skeffery's alternate argument, that he was not advised of the possibility of voluntary departure, lacks merit.  To qualify for voluntary departure, Skeffery would have had to establish "good moral character."  8 U.S.C. § 1254(e)(1) (1994) (repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA)).  But his 2003 drug-related conviction, which was sustained within the five years preceding his May 2007 deportation hearing, precluded him from

---

[1] Because Skeffery's deportation proceedings began prior to the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), the proceedings were governed by pre-IIRIRA law.

2

meeting this requirement. *See* 8 U.S.C. §§ 1101(f)(3), 1182(a)(2)(A)(i)(II), 1254(e)(1) (1994). Although IIRIRA added a second form of voluntary departure that does not require a showing of good moral character, *see* 8 U.S.C. § 1229c(a)(1), Skeffery was not eligible for this form of voluntary departure because his deportation proceedings commenced before the effective date of IIRIRA. *See Pascua v. Holder*, 641 F.3d 316, 319 (9th Cir. 2011) (holding that IIRIRA's transitional rules "instruct courts not to apply IIRIRA in proceedings that began before the statute's effective date").

**REVERSED AND REMANDED**.