**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-55148 |
| Plaintiff-Appellee, | D.C. Nos. 3:14-cv-00377-JAH |
| v. | 3:10-cr-00310-JAH |
| ROBERT SKEFFERY, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted June 26, 2017**

Before:    PAEZ, BEA, and MURGUIA, Circuit Judges.

Robert Skeffery appeals pro se from the district court's order denying his

motion for reconsideration of its order denying his pro se motion under 28 U.S.C.

§ 2255 or, in the alternative, for a writ of error coram nobis under 28 U.S.C.

§ 1651. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

denial of a petition for a writ of error coram nobis, *see United States v. Riedl*, 496 F.3d 1003, 1005 (9th Cir. 2007), and we affirm.

Skeffery challenges his guilty-plea conviction for attempted reentry after deportation, in violation of 8 U.S.C. § 1326, on the basis that his attorney rendered ineffective assistance. His conditional plea agreement waived "any right to appeal or to collaterally attack the conviction and sentence" except, as relevant here, that he "may file a post-conviction collateral attack based on a claim of ineffective assistance of counsel according to 28 U.S.C. § 2255." Because Skeffery was sentenced to time served and immediately released, but had preserved his right to pursue collateral relief on the basis of ineffective assistance of counsel, we decline to enforce the waiver.

The district court properly denied coram nobis relief because Skeffery cannot show an error of the most fundamental character. *See Riedl*, 496 F.3d at 1006 (discussing requirements for coram nobis relief). Contrary to Skeffery's assertion, his attorney successfully moved to dismiss the indictment on the basis of the immigration judge's erroneous determination during the underlying deportation proceedings that Skeffery was not eligible to be considered for relief under former section 212(c) of the Immigration and Nationality Act. We reversed the district court because Skeffery could not demonstrate the outstanding or unusual equities required to warrant a favorable exercise of discretion under section 212(c) in light

of his serious criminal history. *United States v. Skeffery*, 500 F. App'x 694 (9th Cir. 2012). Only then did Skeffery's counsel advise him to enter into a plea agreement, reserving the right to seek review of our decision by the Supreme Court.[1] Skeffery has not demonstrated that his attorney's representation was deficient in this regard, let alone a reasonable probability that but for the alleged error, he would not have pleaded guilty. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Likewise, Skeffery cannot demonstrate any prejudice from counsel's failure to move to reopen his immigration proceedings prior to Skeffery's guilty plea. As we have already held, even though Skeffery is statutorily eligible for 212(c) relief, he cannot establish that he warrants a favorable exercise of discretion. *See Skeffery*, 500 F. App'x at 695.

**AFFIRMED.**

---

[1] The Supreme Court subsequently denied Skeffery's petition for a writ of certiorari. *Skeffery v. United States*, 134 S. Ct. 159 (2013).

15-55148